## No. 308.

43 1001
116 408

### THE STATE OF LOUISIANA VS. HUMPHREY SPILLMAN.

1. The refusal of a continuance on the ground of an absent witness will not be interfered with when the testimony does not touch the issue of guilt or innocence, but only goes to impeach the testimony of an expected witness for the State, who has not testified, may not testify, and, if testifying, may admit the facts charged against him.

2. The exclusion of testimony entirely foreign to the issues of the case and offered to show the *animus* of opposing witnesses, will not be held as impairing the proceedings when the possibility of injury therefrom is remote and insignificant.

APPEAL from the First District Court, Parish of Caddo. *Hicks, J.*

---

*J. Henry Shepherd,* District Attorney for the State, Appellee:

*Res gestae* are events speaking for themselves through the instinctive words and acts of participants; what is said or done by participants under the immediate spur of the transaction. Best on Evidence, Sec. 495; Wharton's Homicide, Secs. 262 and 263.

What occurs after the principal act is complete and an opportunity for fabricating an explanation has set in, is no more a part of the *res gestae*, although it occurs within a very few moments after the act, than is a declaration made several days afterwards. Woods' Practice Ev., Sec. 154.

It is not error to refuse a continuance asked for because of the absence of witnesses, when the facts they could prove are immaterial and would not have constituted a defence. State vs. Hugel, 27 An. 375.

---

*J. W. Jones* for Defendant and Appellant.

---

The opinion of the court was delivered by

FENNER, J. The appeal stands on two bills of exceptions.

The first is taken to the refusal of the judge to grant a continuance

grounded on the absence of a witness, by whom the affidavit of defendant states "he expects to prove and can prove that the witness, Y. I. Dowden, said to him at different times that he would compromise the suit and not appear and prosecute the same if he would pay him fifteen dollars; that he was the prosecutor in the case, and that he was mad at the time he made the arrest, and that if he would pay him fifteen dollars he would not appear before the grand jury to prosecute the case."

The indictment was for larceny. It is manifest that such evidence does not bear on the material question of defendant's guilt or innocence. The utmost effect it could have would be to impeach the testimony of the State witness referred to. The same facts, if true, might have been proved by that witness himself. If questioned, he may have admitted them, which would have rendered the testimony of the absent witness superfluous. The record does not advise us whether the State witness referred to was questioned on the point and what his answers were. We can not interfere with the large discretion vested in the trial judge in refusing a continuance on such a ground, where the evidence of the absent witness does not touch the question of guilt or innocence, but only tends to impeach the testimony of another witness who had not yet testified, might never testify, or, if testifying, might admit the facts charged. If injury did result to defendant from the absence of his witness, it might have been made to appear on a motion for new trial.

The second exception arraigns the exclusion by the judge of evidence of a witness, to the effect that he was arrested by two of the State witnesses while on the road in charge of a loaded wagon and team, and that they refused to allow him time to provide for the wagon and team, but brought him away leaving them standing on the road. The evidence was offered to show the *animus* of the witnesses and to weaken the effect of their evidence. The testimony is utterly foreign to the issues of the case, and the possibility of injury from its exclusion is too remote to demand consideration. People who arrest a man for stealing their property are not usually animated by very kind feelings toward him.

Judgment affirmed.